## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### (Tyler Division)

| | |
|---|---|
| **PROMOTE INNOVATION, LLC**<br>**Relator,**<br><br>**vs.**<br><br>**MOTOROLA, INC., and**<br>**MOTOROLA MOBILITY, INC.**<br>**Defendants.** | Case No.: 6:10-cv-575<br><br><br><br><br>**JURY TRIAL DEMANDED** |

### GHJ HOLDINGS, INC.'S MOTION TO INTERVENE

Intervenor GHJ Holdings, LLC files this motion to intervene as a party-plaintiff as authorized by Rule 24.

1.      Relator is Promote Innovation, LLC.  Defendants are Motorola, Inc. and Motorola Mobility, Inc.  Intervenor is GHJ Holdings, LLC, who is another relator that filed a 35 U.S.C. §292 action against Motorola, Inc in a separate action titled *GHJ Holdings, LLC v. Motorola, Inc.*, Civil Action No. 5:11-cv-00066 (E.D. Tex 2011).

- 1 -

**2.**     Promote Innovation sued Defendants, alleging that Defendants falsely marked products with U.S Patent Nos. 4,577,216, 4,631,603, 4,790,016, and 4,819,098, which were either expired or otherwise inapplicable.  (Dkt No. 1, ¶ 7.)

**3.**     On March 7, 2011, counsel for GHJ Holdings, LLC wrote a letter to Messrs. Antonelli and Harrington, counsel for Promote Innovation LLC, informing them of *GHJ Holdings, LLC v. Motorola, Inc.,* Case No. 5:11-cv-00066-DF-CMC (E.D. Tex. Mar. 8, 2011) and specifically stating its intentions to seek dismissal pursuant to the first-to-file rule should Promote Innovation attempt to amend its complaint to include U.S. Patent Nos. 4,613,901 and 4,653,114.

> I [Randall Garteiser] represent GHJ Holdings, LLC ("GHJ") in the matter *GHJ Holdings, LLC v. Motorola, Inc.*, No. 5:11-cv-00066 (E.D. Tex March 7, 2011).  In that matter, GHJ has accused Motorola, Inc. of violating 35 U.S.C. Section 292 by falsely marking its products with expired U.S. Patent Nos. 4,613,901 and 4,653,114 with the intent to deceive.  In the above referenced matter, your client has accused Motorola, Inc. of violating 35 U.S.C. Section 292 by falsely marking its products with expired U.S. Patent Nos. 4,577,216; 4,631,603; 4,790,016; and 4,819,098.

> Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.  *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).  The rule vests in the court in which the first of the

two related actions was filed the responsibility of "determin[ing] whether subsequently filed cases involving substantially similar issues should proceed." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997).   Therefore, the second-filed court should usually stay, dismiss, or transfer the action over which it is presiding in deference to the first-filed court.  *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d at 729 & n. 1, 730 (5th Cir. 1985).  This enables the court in which the first related action was filed to "decide whether the second suit filed must be dismissed, stayed or transferred and consolidated."  *Sutter Corp.*, 125 F.3d at 920.

Although GHJ takes the position that its case and your client's case do not involve "substantially similar issues" as currently pled, should your client attempt to amend its complaint to include U.S. Patent Nos. 4,613,901 and 4,653,114, GHJ will be forced to seek dismissal pursuant to the first-to-file rule.  Likewise, GHJ will recognize your client's right to proceed with its claims and will not amend its complaint to include allegations of false marking with respect to expired U.S. Patent Nos. 4,577,216; 4,631,603; 4,790,016; and 4,819,098.

Please feel free to contact me anytime at (415) 785-3762 to discuss this matter.

(Exhibit A, Letter dated March 7, 2011, sent via certified mail and e-mail.)

**4.**    Also, on March 7, 2011, counsel for GHJ Holdings served a similar letter as indicated in Exhibit A on counsel for Motorola, Jason White and Scott Sherwin, which is attached hereto as Exhibit B.

5.    On March 8, 2011, GHJ Holdings, LLC personally served Motorola, Inc. with its relator lawsuit involving Motorola's false marking of its products with expired or otherwise inapplicable U.S. Patent Nos. 4,613,901 and 4,653,114.  *See GHJ Holdings, LLC v. Motorola, Inc.,* Case No. 5:11-cv-00066-DF-CMC (E.D. Tex. Mar. 8, 2011), Dkt 3.

6.    On March 28, 2011, counsel for GHJ Holdings agreed to provide Motorola, Inc. a requested extension.  Counsel for Motorola, Scott Sherwin, confirmed he was aware of Motorola's other litigation involving Promote Innovation.  Counsel for GHJ Holdings informed Scott Sherwin that a settlement between Motorola and relator Promote Innovation must include a carve out of any false marking claims asserted by relator GHJ Holdings.

7.    On April 8, 2011, Promote Innovation amended its complaint in this lawsuit to include over 46 patents, including Motorola's U.S. Patent Nos. 4,613,901 and 4,653,114, which were already at issue in *GHJ Holdings, LLC v. Motorola, Inc.,* Case No. 5:11-cv-00066-DF-CMC (E.D. Tex. Mar. 8, 2011).

8.    Intervenor has the right to intervene in this lawsuit under Rule 24(a)(2) for the following reasons:

- 4 -

**a)** Intervenor claims a vested property interest under Title 35 U.S.C §292 for any civil penalty obtained from claims relating to Motorola falsely marking its products with expired or otherwise inapplicable U.S. Patent Nos. 4,613,901 and 4,653,114. *See S.F. Tech., Inc. v. The Glad Prods. Co.*, Civil Action No. 10-CV-00966-JF, 2010 WL 2943537, at *4 (N.D. Cal. July 26, 2010) ("Having examined both complaints, the Court concludes the claims asserted by Plaintiff against Exergen are within the scope of those alleged by Brinkmeier in her earlier-filed action.   For this reason, it appears that even assuming standing generally, the claims of the United States government previously were assigned to Brinkmeier depriving Plaintiff of standing to assert them here."); J.W. EHRLICH, EHRLICH'S BLACKSTONE 545 (1959) (explaining a core characteristic of *qui tam* suits is that "if anyone hath begun action, no other person can pursue it').

**b)** Accordingly, Promote Innovation does not have statutory or constitutional standing to assert the claims under U.S. Patent Nos. 4,613,901 and 4,653,114 that were previously asserted by GHJ, which were assigned to GHJ when it brought those claims in *GHJ Holdings, LLC v. Motorola, Inc.,* Case No. 5:11-cv-00066-DF-CMC (E.D. Tex. Mar. 8, 2011).   Thus, it would be improper for the Court to grant judgment to Motorola or Promote Innovation on those claims.

- 5 -

**c)** Promote Innovation cannot now claim the same property right that already vested in the Intervenor GHJ.

**d)** Intervenor's claim is the subject of this action and is so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest.

9.    In the alternative, the Court should grant Intervenor's Motion to Intervene because its claim and the lawsuit have a common question of law or fact.  *See*  Fed. R. Civ. P. 24(b)(2).  Plaintiff and Intervenor have both filed lawsuits under §292 involving the same falsely marked patent numbers.

10.    The granting of Intervenor's Motion will not result in undue delay because Defendants have not yet filed an answer, the discovery period for this case has not started, and trial in this matter is not set.  Accordingly, the parties have more than adequate time to prepare for Intervenor's involvement in the proceedings.  *See United States v. City of Los Angeles,* 288 F.3d 391, 397-98 (9th Cir. 2002).

11.    Granting this motion will not prejudice the parties because the cause of action asserted by Plaintiff is nearly identical to the cause of action asserted by Intervenor.   The facts are nearly identical, and Defendant's defenses to

Intervenor's claims should be virtually identical to its defenses to Plaintiff's claims.

12.     Intervenor's motion is timely.  *See NAACP v. New York,* 413 U.S. 345, 365-66 (1973).  The parties have more than adequate time to prepare for Intervenor's involvement in the proceedings.

13.     The complaint in intervention is already filed with this Court at *GHJ Holdings, LLC v. Motorola, Inc.,* Case No. 5:11-cv-00066-DF-CMC (E.D. Tex. Mar. 8, 2011), a case that should either be consolidated with this matter or, alternatively, allowed to proceed on its own after the Court allows GHJ Holdings to intervene here to file a motion to strike certain portions of Promote Innovation's amended complaint.

## CONCLUSION

14.     For these reasons, Intervenor asks the Court to grant its motion to intervene as a party plaintiff or, alternatively, to order a briefing schedule on a motion strike Promote Innovation's amended complaint under the first-to-file rule and related standing requirements in view of *GHJ Holdings, LLC v. Motorola, Inc.,* Case No. 5:11-cv-00066-DF-CMC (E.D. Tex. Mar. 8, 2011).

Date: April 11, 2011                    Respectfully submitted,


                                        /s/ Randall T. Garteiser
                                        Randall T. Garteiser
                                           Texas Bar No. 24038912
                                           randall@glgnow.com
                                        Christopher Johns
                                           Texas Bar No. 24044849
                                           chris.johns@glgnow.com
                                        Christopher A. Honea
                                           Texas Bar No. 24059967
                                           chris.honea@glgnow.com
                                        GARTEISER LAW GROUP, PC
                                        44 North San Pedro Road
                                        San Rafael, California 94903
                                        [Tel.] (415)785-3762
                                        [Fax] (415)785-3805

                                        ATTORNEYS FOR GHJ HOLDINGS,
                                        LLC

## CERTIFICATE OF CONFERENCE

I certify that I have attempted to confer with Plaintiff's counsel regarding GHJ Holdings, LLC's Motion to Intervene and that they have not returned my telephone call or email.  Based on Promote Innovation's knowledge of the facts and actions to date, I believe Promote Innocation is opposed to this motion.  I certify that counsel for Motorola, Jason White, is opposed to this motion to intervene.

/s/ Randall Garteiser
Randall T. Garteiser

## CERTIFICATE OF SERVICE

I, Randall T. Garteiser, am the ECF User whose ID and password are being used to file this document.  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day.  Pursuant to Fed. R. Civ. P. 5, this document was served this day via U.S. Mail and electronic means to counsel for Defendants that are not receiving this document via CM/ECF.

/s/ Randall T. Garteiser
Randall T. Garteiser